IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| SHELIA ANNETTE WOMACK, ) | |
| ) | Case No. 4:09CV00011 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| MEMORIAL FAMILY CARE, INC., ) | |
| ) | By: Jackson L. Kiser |
| Defendant. ) | Senior United States District Judge |
| ) | |

Before me is the Defendant's Motion for Summary Judgment and the Defendant's Motion to Dismiss. I heard oral argument on both motions on September 24, 2009, and I have read the briefs and filings of both parties. This matter is now ripe for decision. For the reasons given below, I will **GRANT** Defendant's Motion for Summary Judgment. I therefore consider Defendant's Motion to Dismiss to be moot.

## I.    STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

Plaintiff, Sheila Annette Womack, worked for Defendant, Memorial Family Care, Inc., for approximately two years before her termination on April 24, 2008. (Compl. ¶ A.) After her termination, she filed for and received unemployment benefits through the Virginia Employment Commission ("VEC"). Subsequently, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on January 12, 2009.[1] The EEOC was unable to conclude that any violation of the Act occurred and advised Plaintiff of her right to sue by

---

[1] Plaintiff's original Complaint with this Court alleged she filed her EEOC complaint on September 14, 2008. (Compl. ¶ B.) However, Plaintiff filed a copy of the EEOC complaint as an attachment to her Amended Complaint on August 28, 2009. The copy of the EEOC complaint is signed by Ms. Womack and dated January 12, 2009, in a space labeled "Today's Date."

1

letter. Plaintiff then filed a *pro se* lawsuit against Memorial Family Care, Inc. on April 9, 2009, alleging racial harassment and a hostile work environment under Title VII. Plaintiff relied on the form used by *pro se* litigants when filing a complaint under the Equal Employment Opportunities Act, 42 U.S.C. § 2000(e) *et seq*. Plaintiff's Complaint alleges that she was terminated because Defendant was "[intimidated] by what [she] knew about [her] job and the color of [her] skin." (Compl. ¶ G.) Furthermore, Plaintiff alleges that Defendant's Office Manager, Lori King, made the workplace uncomfortable and hostile. (Id.)

Defendant filed a Motion to Dismiss Plaintiff's claim under Rule 12(b)(6), arguing that Plaintiff failed to plead a claim upon which relief can be granted. On August 21, 2009, this Court granted Defendant's motion and gave Plaintiff ten days to file an amended complaint. Plaintiff filed her Amended Complaint on August 28, 2009, but the document provided few additional details supporting her claim.

Defendant filed a Motion for Summary Judgment on September 1, 2009. Defendant argues that it does not qualify as an "employer" as defined in Title VII and that Plaintiff's claim was not filed with the EEOC in a timely fashion. (Def.'s Br. Supp. Mot. Summ. J. 3-5.) Defendant also filed a Motion to Dismiss Plaintiff's claim on September 3, 2009. The motion erroneously asserts Plaintiff did not file an Amended Complaint within the ten day period provided by this Court. (Def.'s Br. Supp. Mot. Dismiss 2, 4.) Defendant further argues that the bare allegation of discrimination found in Plaintiff's original Complaint is insufficient to support a claim under Rule 8(a) of the Federal Rules of Civil Procedure. (Id. at 2-3.) Plaintiff did not respond to either motion.

## II.   STANDARD OF REVIEW

Summary judgment is appropriate where there is no genuine issue as to any material fact

and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). The court must view the facts and the inferences to be drawn from them in the light most favorable to the party opposing the motion. United States v. Diebold, Inc., 369 U.S. 654,655 (1962). A genuine issue of material fact exists if reasonable jurors could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict in his favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure is limited to "the extraordinary case where the pleader makes allegations that show on the face of the complaint some insuperable bar to relief." Browning v. Vecellio & Grogan, Inc., 945 F. Supp. 930, 931 (W.D. Va. 1996) (internal quotation omitted). When considering a motion to dismiss, "the court should accept as true all well-pleaded allegations" and construe those allegations in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). While the complaint need not provide detailed factual allegations, the basis for relief in the complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Assuming the factual allegations in the complaint are true, they "must be enough to raise a right to relief above the speculative level" or dismissal is appropriate. Id.

## III.    DISCUSSION

Under Title VII, any charge of discrimination must be filed with the EEOC within 180 days after the allegedly unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1).[2] If no claim

---

[2] The statute provides an exception where the time period extends to 300 days if the claimant institutes a proceeding with a state or local agency authorized to grant or seek relief for an allegedly unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). To qualify under this exception, the state or local agency must have the authority to investigate and resolve complaints of unlawful discriminatory practices or seek relief for aggrieved claimants. See Tinsley v. First Union Nat'l Bank, 155 F.3d 435, 440-41 (4th Cir. 1998). Although Plaintiff did file with the VEC, it does not appear the VEC qualifies for the extended time period, as its authority appears to be limited to deciding whether claimants are entitled to unemployment compensation under the laws of Virginia. See Craft v. Va. Empl.

3

is filed within the statutorily prescribed time period, the plaintiff cannot maintain an employment discrimination action in federal court under Title VII. See EEOC v. Hansa Prods., Inc., 844 F.2d 191, 191-92 (4th Cir. 1988).

Plaintiff was terminated on April 24, 2008. Although Ms. Womack alleged that she filed with the EEOC within the statutory time period, the copy of the EEOC complaint attached to her Amended Complaint is dated January 12, 2009, approximately 258 days after her termination and outside of the 180-day statutory time limit. See § 2000e-5(e)(1). Plaintiff has offered no other evidence tending to indicate she filed within the period set by Congress. Pursuant to the Federal Rules of Civil Procedure, on a properly made and supported motion for summary judgment, the non-moving party cannot rely on mere allegations in the pleadings to challenge the motion. Fed. R. Civ. P. 56(e)(2). Instead, the non-movant must set out, by affidavit or as otherwise permitted, specific facts showing a genuine issue for trial. Id. If the non-movant fails to respond in the proper manner, summary judgment may be appropriate. Id. Here, Plaintiff has gone no further than relying on a bare allegation in her original Complaint. Her only other declaration going toward the timing of the EEOC complaint is an unsworn statement found on the cover sheet of a filing attached to her EEOC complaint. The cover sheet alleges "[t]hese documents state[] that I did file in my statutory period time from the EEOC." The documents actually contradict Ms. Womack's allegation.

Aside from Plaintiff's Complaint, there is nothing before this Court tending to create a material dispute as to the timing of the EEOC complaint. All evidence of record, including that submitted by Plaintiff, supports Defendant's argument that Ms. Womack filed with the EEOC

---

Comm'n, 8 Va. App. 607, 608, 383 S.E.2d 271, 272 (Va. Ct. App. 1989); Va. Empl. Comm'n v. Gantt, 7 Va. App. 631, 636, 376 S.E.2d 808, 811 (Va. Ct. App. 1989). This conclusion is supported by the fact that the EEOC maintains a list naming those agencies qualifying as deferral agencies. See 26 C.F.R. § 1601.74. The Virginia Employment Commission is not on the list.

outside the 180-day period. Therefore, Plaintiff is prohibited from maintaining a federal action under Title VII, and Defendant is entitled to judgment as a matter of law. See Hansa Prods., 844 F.2d at 191-92.

In light of this decision, it is not necessary for me to reach Defendant's other points. I do believe, however, two additional comments would be beneficial. First, upon further review, it appears Plaintiff properly filed her Amended Complaint with this Court. At that time, the Clerk of Court sent an electronic notice to Defendant about the Amended Complaint. Because of this, Defendant's counsel was incorrect in stating he never received the Amended Complaint, and Defendant's argument that the case should be dismissed for failure to file an amended complaint would hold no water. Nevertheless, given my decision above, it is not necessary for me to rule on Defendant's Motion to Dismiss.

Second, I make no decision on Defendant's summary judgment argument that it does not fall within the definition of an "employer" under Title VII.[3] Yet it is worth noting that, although Defendant submitted two affidavits tending to show it never had the proper number of employees to constitute an "employer" within the meaning of the Act, Plaintiff did not respond in a proper form. To contest a motion for summary judgment, the Federal Rules of Civil Procedure require a sworn affidavit setting forth a sufficient factual dispute for trial. Fed. R. Civ. P. 56(e)(2); Adickes v. S. H. Kress & Co., 398 U.S. 144, 158 n.17 (1970). Although Plaintiff submitted two lists of names indicating Defendant employed the requisite number of people, neither list was sworn in compliance with our procedural rules. Therefore, I would not have been able to

---

[3] Title VII defines an "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of the twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person . . . ." 42 U.S.C. § 2000e(b). Relying on Woodward v. Va. Bd. of Bar Exam'r, 420 F. Supp. 211 (E.D. Va. 1976), Defendant erroneously states that employment of the requisite number of persons is a jurisdictional element of Title VII. Although Woodward does hold that employment of fifteen employees is jurisdictional, id. at 213 n.2, the case is no longer good law in light of a recent Supreme Court case, see Arbaugh v. Y & H Corp., 546 U.S. 500, 516 (2006) ("[W]e hold that the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue.").

consider either submission had I reached the issue of whether Defendant fell within Title VII. See Fed. R. Civ. P. 56(e)(2); Adickes at 158 n.17. In other words, I would have treated this ground for summary judgment as if Plaintiff had not responded.

Should Plaintiff wish to appeal this decision, she should file a notice of appeal with the Clerk of Court within thirty (30) days of this entry of judgment.

## IV. CONCLUSION

For the reasons stated above, I will **GRANT** the Defendant's Motion for Summary Judgment. In light of this Order, I consider the Defendant's second Motion to be moot. Judgment is entered for the Defendant, and the Clerk will strike the case from the docket.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to all counsel of record and the Plaintiff.

Entered this 28th day of September, 2009.

s/Jackson L. Kiser
Senior United States District Judge